# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:95cr25

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| J. C. CLAYTON. | ) | |

**THIS MATTER** is before the Court on the Defendant's letter to the Court which has been construed as a motion for credit for time spent in state custody [Doc. 23].

In March 1995, the Defendant was charged with two counts of communicating threats by United States mail, in violation of 18 U.S.C. §876. [Doc. 1]. At the time of his indictment, the Defendant was in state custody. [Doc. 3; Doc. 5]. The Defendant was transferred to federal custody for prosecution pursuant to a writ of habeas corpus <u>ad prosequendum</u> in September 1995. [Doc. 5]. In October 1995, the Defendant entered into a plea agreement with the Government pursuant to which he pled guilty to one count of communicating threats. [Doc. 10]. On July 26, 1996, the Defendant

was sentenced to serve 42 months imprisonment. [Doc. 19]. The docket of this Court clearly shows that the Defendant's sentence was to run consecutive to his state sentence.[1] [Doc. 19 at 2]. The Defendant, in fact, asserts that his judgment calls for consecutive sentences. [Doc. 23 at 1]. The Defendant's appeal of his federal sentence was dismissed by the United States Court of Appeals for the Fourth Circuit. United States v. Clayton, 129 F.3d 117 (4th Cir. 1997).

The Defendant alleges that he has been in the custody of the North Carolina Department of Corrections since March 21, 1995. Based on the contents of the Defendant's letter, he has not yet been delivered to federal custody to begin serving his federal sentence.

The time the Defendant has spent in state custody has been credited toward his state sentence. 18 U.S.C. §3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences ... as a result of the offense for which the sentence was imposed ... that has not been credited against another sentence."). It is undisputed that the Defendant was in state custody at the time he was indicted in federal court and that he was

---

[1] Upon the retirement of the sentencing judge, Hon. Lacy Thornburg, the case was reassigned to the undersigned.

transferred into federal custody for prosecution by federal authorities.

> A prisoner detained pursuant to a writ ad prosequendum is considered to remain in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the person. The receiving sovereign - in this case, the federal government - is, therefore, considered simply to be "borrowing" the prisoner from the sending sovereign for the purposes of indicting, arraigning, trying, and sentencing him. For the purposes of computing [the Defendant's] sentence, therefore, the time spent in federal custody pursuant to a writ ad prosequendum is credited toward his state sentence, not his federal sentence.

Ruggliano v. Reish, 307 F.3d 121, 125 n.1 (3rd Cir. 2002), abrogated on other grounds U.S.S.G. §5G1.3, comment. (n. 3(e)); United States v. Poole, 531 F.3d 263, 271 (4th Cir. 2008) (writ ad prosequendum works a mere loan of the prisoner to federal authorities and not a change in custody); United States v. Fermin, 252 F.3d 102, 108 n.10 (2nd Cir. 2001); United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998); Martin v. Lamanna, 2009 WL 690686 **6 (D.S.C.), affirmed 333 F. App'x. 796 (4th Cir. 2009) ("Prisoners who are in state custody and are removed on a federal writ of habeas corpus ad prosequendum are not entitled to credit on a subsequent federal sentence for the days detained in federal custody on the writ when they received the credit towards their state sentence."); Hines v. Schult, 2009 WL 384043 (N.D.N.Y. 2009). Defendant has asserted no basis in the law on which this Court can modify Judge Thornburg's judgment or otherwise review Defendant's

sentence. The Defendant is therefore not entitled to any relief.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter to the Court which has been construed as a motion for credit for time spent in state custody [Doc. 23] is hereby **DENIED**.

Signed: June 6, 2012

Martin Reidinger
United States District Judge